This is the second time that these parties have been before this Court.
Roger Keith Clements sued the defendants, Michael Bridges, Ed Hornbuckle, and Marvin Walker, under Ala. Code 1975, § 25-5-11, for damages based on personal injuries sustained at work. He alleged that the defendants, who were supervisory employees of his employer, National Can Corporation, had negligently failed to provide him with a reasonably safe work environment, and he sought damages for lost wages, pain and suffering, and medical expenses. The defendants raised contributory negligence as an affirmative defense, but did not dispute the amount of medical expenses claimed by Clements.[1] The jury returned a verdict for Clements, but awarded "court costs only" against the defendants. Stating that the legal effect of the verdict was a decision against Clements, the trial court entered a judgment for the defendants. Clements appealed. We reversed the judgment on the ground that the verdict was inconsistent and remanded the case for a new trial. See Clements v. Lanley HeatProcessing Equipment, 548 So.2d 1345 (Ala. 1989). On retrial, Clements again sought damages for lost wages, pain and suffering, and medical expenses. The defendants again raised contributory negligence as a defense. The jury rejected the contributory negligence defense and awarded Clements $71,535. The trial court entered a judgment on that verdict. The defendants appealed. We affirm.
The following issues were presented for our review:
 "(1) whether the defendants were entitled to a judgment as a matter of law based on their contributory negligence defense; and
"(2) whether the verdict was excessive."
With regard to the first issue, the defendants contend that the trial court erred in denying their motions for a directed verdict and judgment notwithstanding the verdict. They argue that the undisputed evidence shows that Clements was guilty of contributory negligence. Clements contends, however, that a fact question for the jury was presented as to whether his injury was the result of his own negligence. We agree.
Viewing the evidence in the light most favorable to Clements, as our standard of review requires us to view it, Lowder RealtyCo. v. Sabry, 542 So.2d 1240 (Ala. 1989), we conclude that the jury could have found that while attempting to clean one of his employer's 11 large industrial ovens, which was 153 feet long, 45 inches wide, and 55 inches high, Clements stepped through an air vent in the oven floor and injured his leg; that Clements was aware of the air vent, having previously worked on his employer's ovens and having worked on the particular oven in which he was injured for several days preceding his injury; that cleaning ovens was not an everyday job at his employer's facility; that Clements's regular duties did not include cleaning ovens; that the inside of the oven in which Clements was injured was cramped, dusty, and dirty; that it was difficult for a man to maneuver inside the oven; that the inside of the oven, particularly the floor, was poorly illuminated; that Clements had never been required to actually walk on the floor of an oven because, on all previous occasions on which he had worked inside an oven, he had been allowed to work on a pallet suspended above the oven floor by chains, where he was not exposed to the danger created by the vents; and that Clements was given no warnings or instructions concerning the danger presented by the vent. *Page 1348 
In order to establish contributory negligence, there must be a finding that the party charged had knowledge of the dangerous condition; that he appreciated the danger under the surrounding circumstances; and that, failing to exercise reasonable care, he placed himself in the way of danger. Knight v. Seale,530 So.2d 821 (Ala. 1988). Although contributory negligence may be found to exist as a matter of law when the evidence is such that all reasonable men must reach the same conclusion, the question of the existence of contributory negligence is normally one for the jury. Knight v. Seale.
Although the undisputed evidence in the present case shows that Clements was aware of the vent in the oven floor and that he understood that he could be injured if he stepped through it, a fact question existed as to whether Clements's act of stepping through the vent was the result of a failure to exercise reasonable care under the circumstances. In Duffy v.Bel Air Corp., 481 So.2d 872; 874 (Ala. 1985), this Court, citing City of Birmingham v. Edwards, 201 Ala. 251, 255,77 So. 841, 845 (1918), noted that "where a plaintiff is aware of a defect, contributory negligence in not remembering and avoiding the danger will be presumed in the absence of a satisfactory excuse for forgetting." Whether it was reasonable under the circumstances for Clements to forget about the vent in the oven floor and, thus, to fail to avoid the danger that it presented, was a question for the jury. The evidence shows that the oven was "cave-like" and poorly illuminated. The evidence also shows that cleaning ovens was not one of Clements's regular duties. The jury obviously found that Clements had a "satisfactory excuse for forgetting" about the vent.
With regard to the second issue, the defendants contend that the amount of the verdict, considered in light of the evidence presented, indicates that the jury's award was the result of "bias, passion, prejudice, corruption, or other improper motive . . . or, at the least, that [it] was produced by a mistake, inadvertence, or failure to comprehend a and appreciate the issues."[2] Conceding that Clements proved $8,682.36 in medical expenses and $12,000 in lost wages and that he had endured pain and suffering as a result of his injury, the defendants argue that the jury's award of $50,852.64 for Clements's pain and suffering was too much and, therefore, that the verdict was excessive. The defendants insist that the maximum amount that should have been awarded to Clements was $29,364.72, representing $8,682.36 in medical expenses, $12,000 in lost wages, and.$8,682.36 for pain and suffering.
Clements argues that the evidence fully supports the jury's award for pain and suffering and, therefore, that the judgment is due to be affirmed. Again, we must agree.
Initially, we note that the defendants urge us to remand this case for a hearing in accordance with Hammond v. City ofGadsden, 493 So.2d 1374 (Ala. 1986), because the trial court failed to state its reasons for not finding the verdict excessive. However, as we noted in Lowder Realty Co. v. Sabry, supra, it was never our intention to automatically remand every case in which excessiveness is raised as an issue. Where the record on appeal is sufficiently clear for us to review the excessiveness issue, as the record is in this case, a Hammond
remand is not necessary.
The evidence, viewed in the light most favorable to Clements, shows that, at the *Page 1349 
time of the trial, Clements was 33 years old; that he had undergone three arthroscopic procedures on his leg; that he had participated in a rehabilitation program; that his injury had resulted in a five percent permanent partial physical impairment to his leg; and that he probably would continue to experience some measure of pain or discomfort for the remainder of his life. A mortality table admitted into evidence showed that Clements had a life expectancy of 40.46 years. Clements's attorney suggested to the jury that $12,000 to $15,000 would be an appropriate award for Clements's past pain and suffering and that an award equal to $1,000 per year would be reasonable for Clements's future discomfort. It appears that the jury basically awarded Clements the amount he requested, which, we note, translates into an award of approximately $2.70 per day for future pain and suffering. Because the interest of the victim must always be kept foremost in mind when reviewing the propriety of a compensatory damages award, Wilson v. DukonaCorp., N.V., 547 So.2d 70 (Ala. 1989); Green Oil Co. v.Hornsby, 539 So.2d 218 (Ala. 1989) we cannot say that the jury's award for pain and suffering (past or future) exceeds an amount that will reasonably compensate Clements.
For the foregoing reasons, the judgment is affirmed.[3]
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.
[1] We note that Clements was injured on May 3, 1984. The applicability of the co-employee immunity defense under §25-5-11 is not before us. See Code Commissioner's note to §25-5-11 (1990 Cumulative Supplement).
[2] The defendants argue that the admission into evidence of a leg brace used by Clements had such an emotional impact on the jury as to suggest that the verdict was the result of "sympathy, bias, and prejudice." Prosthetic devices are admissible into evidence in the discretion of the trial court, provided that they are not unduly inflamatory or offensive, and that they do not unjustly arouse sympathy for or prejudice against a party.Brown v. Billy Marlar Chevrolet, Inc., 381 So.2d 191 (Ala. 1980). The record shows that two leg braces were actually admitted into evidence, but that he defendants objected to the admission of only one of them. From our review of the record, we find no abuse of discretion on the trial court's part in admitting into evidence the leg brace objected to.
[3] Footnote expressing the personal views of Justice Houston:
In my separate opinion on the first appeal of this case, in which I concurred in the judgment of reversal, but dissented from the grant of an unconditional new trial, I discussed the history of additur and concluded by saying:
 "To paraphrase J. Hoffman and W. Schroeder, Burdens of Proof, 38 Ala.L.Rev. 31, 36 (1986), when all attempts to quantify or describe what is an excessive or an inadequate verdict fail, as they ultimately do, the court must depend upon its own life experiences and its willingness to uphold a verdict with which it disagrees, without conditionally granting a new trial unless the plaintiff accepts a lower verdict or conditionally granting a new trial unless the defendant accepts a higher verdict, if the jury's verdict is within the bounds of reason. If the jury verdict exceeds the bounds of reason by being too great or too small, and a defendant files a motion for a new trial on the ground of excessive damages or the plaintiff files a motion for a new trial on the ground of inadequate damages, then I would hold that the trial court may grant a new trial conditioned upon the refusal to accept a remittitur or an additur.
 "In keeping with the right to a trial by jury, when there is an excessive verdict, the trial court should remit only that portion of the verdict that exceeds the maximum amount a reasonable jury could have awarded in the case, as perceived by the judicial mind; and, when there is an inadequate verdict, the trial court should add only that amount to the verdict that will bring it within the minimum bounds of reason as perceived by the judicial mind. I would hold that a new trial must be granted unless the remittitur is accepted by the plaintiff or plaintiffs in whose favor the jury assessed the damages; or unless the additur is accepted by the defendant or defendants against whom the damages were assessed.
 "In this case, I find uncontroverted evidence of reasonable and necessary doctors' bills of $6,655.90 to treat Clements's injuries and that the reasonable and necessary hospital expenses incurred as a result of these injuries were $2,026.46. Therefore, the uncontroverted evidence of special damages was $8,682.36. I have read the testimony and am persuaded that Clements sustained pain and suffering. I am persuade that the minimum amount that it would take to 'impress [my] judicial mind' that the verdict was not inadequate to compensate for pain and suffering, under the facts in this case, is an amount equal to the amount of the reasonable and necessary doctors' bills and hospital expenses incurred as a result of these injuries — $8,682.36."
548 So.2d at 1351-52. (Emphasis added.)
Relying on the above language, the defendants have on this appeal urged the Court to adopt my "formula" and hold that $8,682.36 was the maximum amount of damages that Clements could recover for his pain and suffering. However, I made it very clear in my opinion on the first appeal that $8,682.36 was theminimum amount that I thought it would take to compensate Clements for his pain and suffering. In no way did I suggest that there should be a "cap" on damages for Clements's pain and suffering in this case (i.e., that the next jury would not be justified under the evidence in awarding more than $8,682.36 to Clements for his pain and suffering). *Page 1350