ALMON, Justice.
The plaintiff appeals from a summary judgment for the defendant premises owner in a wrongful death action. The decedent, an employee of an independent contractor, died when a brick wall collapsed on him. The plaintiff, the decedent’s widow and adminis-tratrix of his estate, alleges that the premises owner breached its duty to provide a safe place to work when it did not provide bracing for the contractor to install against the brick wall. The issues are whether the circuit court erred in holding that there was no fact question as to such a breach of duty or in granting a motion in limine to preclude introduction of a report made by an inspector for the Occupational Safety and Health Administration (OSHA), which included the inspector’s statement that an employee of the premises owner had told an employee of the contractor that the wall did not need to be braced.
Lamar Davidson, Jr., worked as a masonry laborer for B.E. & K. Construction Company (BE & K). BE & K had contracted with International Paper Company to perform general contracting services on the premises of International Paper’s mill in Mobile, Alabama. As part of a sewer replacement project, BE & K undertook to support the corner of a cafeteria budding near which a trench for the sewer would be dug. To place a support beam under the comer, BE & K removed some of the brick veneer and the concrete block to make space for the support beam. There were hairline cracks in the brick veneer, and Davidson was placed as a lookout to warn of signs that the brick wall might collapse. It did in fact collapse, falling on him and killing him.
John Michael Bridges, an engineer in International Paper’s engineering department, had sketched a plan for supporting the corner of the cafeteria building. He gave the sketch to Phillip James, a BE & K supervisor, and described the work to be done. James was the supervisor in charge of the crew attempting to support the corner of the building. The OSHA inspector’s report includes the following:
*357 “According to Phil James, Civil Superintendent for BE & K Construction Company, the deceased was not working on the excavation. He was a ‘look-out’ man stationed outside the excavation to observe the brick veneer wall and to alert employees if it began to fall. Also, Mr. James stated that he asked the engineering department of International Paper Company, Mr. Mike Bridges, Civil/Structural Engineer, whether he thought the brick veneer wall should be braced or supported. Mr. Bridges told him that the wall did not need to be braced or supported — it would stay up.”
The circuit court granted International Paper’s motion in limine to preclude the admission of the accident report on the ground that the report contained hearsay.
The plaintiff argues that the OSHA report should be admitted under the principle stated in Federal Rule of Evidence 803(8)(C), which provides a hearsay exception for
“Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth ... (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.”
The plaintiff points out that the proposed Alabama Rules of Evidence include this provision. Further, she argues, the expansive interpretation of this rule found in Beech Aircraft Carp. v. Rainey, 488 U.S. 153, 109 S.Ct. 439, 102 L.Ed.2d 445 (1988), and Hines v. Brandon Steel Decks, Inc., 886 F.2d 299 (11th Cir.1989), would allow the admission of this report.
We need not rely on the Federal rule or on the proposed Alabama rule, because public records are admissible under a common law exception to the hearsay rule:
“The common law developed an exception to the hearsay rule for written records and reports of public officials under a duty to make them, made upon firsthand knowledge of the facts. These statements are admissible as evidence of the facts recited in them. The common law formulation of this hearsay exception has been relaxed and broadened by decisions, statutes, and rules, discussed in the sections that follow. The most important of these modern formulations of the exception is the Federal Rule.
[[Image here]]
“The special trustworthiness of official written statements is found in the declar-ant’s official duty and the high probability that the duty to make an accurate report has been performed....”
J. Strong, McCormick on Evidence, § 295 (4th ed. 1992) (footnotes omitted).
“As the name indicates, [investigative] reports embody the results of investigation and accordingly are often not the product of firsthand knowledge of the declarant, which is required under most hearsay exceptions. Nevertheless, the nature and trustworthiness of the information relied upon, including its hearsay nature, is important in determining the admissibility of the report.”
Id., § 296 (footnotes omitted).
In his deposition, James denied telling the OSHA investigator that Bridges had told him the wall did not need bracing. Similarly, Bridges denied having made such a statement to James. However, there is no indication of any motivation on the part of the OSHA inspector to falsify his report to indicate that James did make such a statement. Thus, there is no indication that the report is not trustworthy.
International Paper argues that the report is not admissible because it contains double hearsay, and that the public records exception to the hearsay rule overcomes only the absence of the OSHA investigator as a witness. If the statement is offered to prove the truth of the statement attributed to James, that Bridges told him the wall did not need bracing, it introduces a second level of hearsay.[1] However, we think the statement *358 should nevertheless be admissible. In making a statement to the Federal inspector, James was under a legal duty to tell the truth.[2] Moreover, the OSHA report was compiled the same day as the fatality, and it could be considered more trustworthy than a later recollection. Thus, James’s statement to the OSHA inspector is sufficiently trustworthy to warrant its admission, through the report, as evidence of the matters stated therein.
For the foregoing reasons, we hold that the circuit court erred in holding the OSHA report inadmissible. The report provides substantial evidence that International Paper advised BE & K as to whether it should brace the wall and thereby undertook to provide Davidson with a safe place to work. There is also substantial evidence that International Paper breached that duty. See Tittle v. Alabama Power Co., 570 So.2d 601 (Ala.1990); Alabama Power Co. v. Beam, 472 So.2d 619 (Ala.1985).
The plaintiff also argues that the judgment should be reversed because the written contract between International Paper and BE & K imposed on International Paper a duty to provide safety devices and equipment. The contract provides that International Paper “shall supply any safety devices and equipment and special clothing required for use by [BE & K]’s employees.” International Paper responds with the argument that this provision does not impose on it a duty to determine what safety equipment is necessary, but only to supply it when requested to do so by BE & K. Because there is evidence that International Paper affirmatively undertook to advise BE & K whether bracing was required, we do not decide whether the contract imposed on International Paper a general duty to determine what safety equipment was necessary.
REVERSED AND REMANDED.
MADDOX, SHORES, HOUSTON, KENNEDY, INGRAM, COOK and BUTTS, JJ., concur.

. The statement attributed by James to Bridges does not give rise to a third level of hearsay, because it is not offered to establish the truth of the statement that the wall needed bracing or *358 even to establish that Bridges truly held the opinion that it did not, but is offered only to establish as a fact that Bridges made such a statement.

. See 29 U.S.C. § 657, which gives the Secretaiy of Labor the authority to enter workplaces to, among other things, compile reports concerning workplace injuries and deaths, and which requires employers to give accurate information. "Whoever knowingly makes any false statement ... in any ... report ... required to be maintained by this chapter shall, upon conviction, be punished by a fine of not more than $10,000, or by imprisonment for not more than six months, or by both.” 29 U.S.C. § 666(g).