On October 25, 1993, Michelle McKerley, the administratrix of the estate of her father, Lewis McKerley, and Thelma Satterfield, the administratrix of the estate of her husband, John M. Satterfield, sued Etowah-DeKalb-Cherokee Mental Health Board, Inc. ("EDC"), for damages, alleging that EDC had wrongfully caused the deaths of their decedents. They alleged that EDC had negligently or wantonly failed to install or provide *Page 1196 
approved smoke detectors in a residence it leased to the Satterfields, and that EDC's negligence or wantonness in that regard had caused the deaths.
The parties tried the case before a jury. At the conclusion of the case, the court granted McKerley and Satterfield's motions for directed verdicts regarding the elements of duty and breach on their negligence claims, but denied their motions regarding EDC's affirmative defenses of contributory negligence and assumption of the risk. The court submitted to the jury the affirmative defenses and the issues of causation, damages, and wantonness; the jury returned a general verdict in favor of EDC. McKerley and Satterfield appealed, contending that the court erred in denying their motions for directed verdicts regarding the affirmative defenses. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975.
EDC and the United States Department of Housing and Urban Development entered into an agreement whereby EDC leased the residence. Under the terms of the lease, EDC could relet the residence only to a homeless family. Further, the lease required EDC to comply with all applicable building and safety codes.
Satterfield had been a client of EDC and had learned about the availability of the residence from Brenda Evans, her EDC case manager. The Satterfields, who met the criteria of a homeless family, leased the residence on February 21, 1992, and occupied it several days later.
When the Satterfields leased the residence, the EDC director toured the residence with them, pointing out those things needing repair or replacement. Many of these repairs were made by EDC. The Satterfields, with the assistance of Evans, had purchased many of the supplies they needed for the residence, using an EDC account at a local hardware store. Satterfield testified that discussions about the absence of smoke detectors from the residence did not arise until July 1992, when she and Evans discussed the need for them. Neither the Satterfields nor EDC attempted to purchase and install smoke detectors in the residence.
In March 1993, a blizzard struck the state, causing widespread and prolonged power outages. During the blizzard, the Satterfields had no electricity to heat their home or to prepare their meals; thus, they relied upon a wood-burning fireplace for heat and a gas-burning fireplace for food preparation. The Satterfields did not own or use any fireplace screens.
On March 17, 1993, Lewis McKerley, John Satterfield's uncle, left his home, which had no power and no fuel to burn, and went to the Satterfields' residence, seeking shelter from the extreme cold. That night, McKerley slept in the room where the wood-burning fireplace was located. The Satterfields slept in other rooms. Fire destroyed the residence in the late evening hours of March 17, 1993, and in the early morning hours of the following day. Lewis McKerley died in the fire, and John Satterfield died from injuries he sustained in the fire.
A directed verdict is proper (1) where the nonmoving party has failed to present substantial evidence regarding some element essential to his claim, or (2) where there is no disputed issue of fact upon which reasonable persons could differ. Rule 50(a), Ala. R. Civ. P.; Driver v. NationalSecurity Fire Casualty Co., 658 So.2d 390, 392 (Ala. 1995). We must determine, therefore, whether EDC, in order to withstand the motions for directed verdicts, presented substantial evidence from which a jury could find each element of the affirmative defense, or whether there were no disputed issues of fact upon which reasonable persons could differ.
Whether the trial court erred in denying McKerley and Satterfield's motions is tested by a purely objective determination of whether the party having the burden of proof has produced sufficient evidence to create a factual dispute requiring resolution by the jury. Id. Because the trial court's ruling on a motion for a directed verdict is based on an objective standard and, therefore, is not discretionary, review of such a ruling on appeal is de novo. Id.; King Mines Resort,Inc. v. Malachi Mining Minerals, Inc., 518 So.2d 714, 716
(Ala. 1987). Further, when reviewing the judgment, we *Page 1197 
must view all the evidence in a light most favorable to the nonmovant and must entertain reasonable evidentiary inferences that the jury could have drawn. Driver, supra.
We note initially that McKerley and Satterfield's complaint alleged that EDC's failure to provide smoke detectors prevented the occupants of the residence from receiving an early warning of the fire, and that this failure resulted in the deaths. They did not allege that the acts or omissions of EDC caused the fire. Accordingly, EDC's affirmative defenses bear no relation to the cause of the fire; rather, they concern whether the occupants of the residence were contributorily negligent regarding the absence of smoke detectors and whether the occupants assumed the risk of living in a residence that was not equipped with smoke detectors. We discuss the trial court's actions regarding each of the affirmative defenses in turn.
 Contributory Negligence
Contributory negligence exists when the plaintiff has assumed the consequences of placing himself into a dangerous position. To find contributory negligence, the factfinder must find that the plaintiff (1) had knowledge of the condition, (2) had an appreciation of the danger under the surrounding circumstances, and (3) failed to exercise reasonable care by placing himself in the way of danger. Lewis v. Sears, Roebuck Co.,512 So.2d 712, 713 (Ala. 1987). In reviewing the trial court's denial of the motions for directed verdict, we must determine if EDC presented substantial evidence on each element of contributory negligence or if the facts were such that reasonable persons could differ as to the existence of contributory negligence.
Nothing in the record indicates that Lewis McKerley knew or should have known that the residence lacked smoke detectors; therefore, no jury could have reasonably inferred that he appreciated or should have appreciated the danger or that he failed to exercise ordinary care while visiting the Satterfields. Because EDC did not present evidence on every element of contributory negligence, the court erred in denying McKerley's motion for a directed verdict.
Satterfield testified during both direct and cross-examination that approximately nine months before the fire she and Evans had discussed the absence of smoke detectors from the residence. During cross-examination, Satterfield also testified that her father-in-law's house, where she and her family had occasionally lived, had been destroyed by fire a number of years before. The jury could have inferred from her testimony (1) that the Satterfields knew about the condition and (2) that they appreciated the danger posed by a house fire and the corresponding need for smoke detectors. The fire marshal testified that the importance of having smoke detectors in single-family dwellings is well-known in the community because of widespread dissemination of fire safety information and education programs in the community. From this testimony, the jury could have reasonably inferred that a person occupying a single-family dwelling and exercising ordinary care would have at least one smoke detector in his home. EDC, therefore, presented evidence sufficient to withstand Satterfield's motion for a directed verdict.
 Assumption of the Risk
The affirmative defense of assumption of risk has two requirements: 1) knowledge and appreciation by the plaintiff of the danger he is incurring; and 2) voluntary consent to bear that risk. Kelton v. Gulf States Steel, Inc., 575 So.2d 1054,1055 (Ala. 1991). Assumption of the risk proceeds from the injured person's actual awareness of the risk. McIsaac v. MonteCarlo Club, Inc., 587 So.2d 320, 324 (Ala. 1991). The plaintiff's state of mind is determined using the subjective standard; that is, the factfinder and, on review, this court look at whether the plaintiff knew of the risk, not whether he should have known of it. Id. at 324-25.
Nothing in the record indicates that Lewis McKerley actually knew and appreciated that the residence lacked smoke detectors. He, therefore, could not have assumed the risk of inadequate warning that accompanies being in a residence where there are no smoke detectors. Because EDC did not present substantial evidence from which the *Page 1198 
jury could have found each element of assumption of the risk, the court erred in denying McKerley's motion for a directed verdict.
Satterfield's testimony demonstrated that she and her husband actually knew that the residence lacked smoke detectors. Because the Satterfields had experienced, albeit tangentially, a previous house fire, it is also apparent that they appreciated the danger posed by not having an early warning in the event of a fire. Further, a jury could reasonably conclude that the Satterfields consented to bear the risk because they had recognized the need for smoke detectors almost nine months before the fire and had taken no action to obtain and install them or to motivate EDC to obtain and install them. Accordingly, we conclude that EDC presented substantial evidence from which a jury could find each element of assumption of the risk. The trial court, therefore, properly denied Satterfield's motion for a directed verdict.
 Conclusion
Because the jury returned a general verdict against each plaintiff in this case, we can only speculate as to whether the jury found for the defendant on its affirmative defense of contributory negligence, its affirmative defense of assumption of the risk, or its defense of general denial. If the evidence, therefore, was insufficient for submission to the jury on contributory negligence or assumption of the risk, we must reverse the judgment and remand the case for a new trial. SeeLewis, supra, 512 So.2d at 713 n. 1.
The trial court's judgment is affirmed as to Satterfield; it is reversed as to McKerley; and the case is remanded for a new trial on McKerley's claims.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and CRAWLEY, J., concur.