[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 237 
Ralph Wyser was injured at his place of employment when he fell into an unguarded elevator shaft. He sued Ray Sumlin Construction Company, Inc. (hereinafter "Sumlin"), for negligently failing to properly guard the elevator opening. The jury awarded $500,000 in compensatory damages, and the trial court entered a judgment. Sumlin moved for a judgment notwithstanding the verdict, or, in the alternative, for a new trial. The trial court, 85 days later, on January 13, 1995, entered the following order:
 "IT IS HEREBY ORDERED, ADJUDGED AND DECREED by this Court that the Motion for New Trial is Denied. Judgment of the Jury is remitted to ($125,000.00) One Hundred Twenty-Five Thousand Dollars. If the Plaintiff refuses to accept the remittance a new trial will be ordered."
On January 18, 1995, Wyser objected to the remittitur. On January 25, 1995 (97 days after the filing of the post-trial motion and 12 days after the entry of the order), the trial court attempted to set aside the jury verdict and order a new trial. Wyser appeals, and Sumlin cross-appeals.
Rule 59.1, Ala.R.Civ.P., provides that a motion under Rule 59 for a new trial must be ruled on within 90 days or else it is automatically denied. French v. Steel, Inc., 445 So.2d 561
(Ala. 1984). The ruling contemplated by Rule 59.1 is one that (1) denies the motion or (2) grants the motion, except in those cases where the time for ruling is extended as provided by the rule. French, supra. It does not anticipate, and cannot accommodate, an order to decide later whether to grant a new trial. French, supra.
Therefore, the January 25, 1995, order that purportedly granted a new trial is void. However, we must determine whether the January 13, 1995, order is to be construed as an outright denial of the motion for a new trial or simply as a conditional order that neither granted nor denied a new trial. In other words, was the motion for a new trial denied as of January 13, 1995, by order of the trial court, or was it denied on January 18, 1995, by operation of law because the January 13 order had no effect? We note that the resolution of this issue is of no consequence in the instant case, as the timeliness of the appeal is not an issue. Under either analysis, the motion for a new trial would have been denied, and the notice of appeal was timely filed. Nevertheless, we opine that the better reasoned view is that the January 13, 1995, order effectively denied Sumlin's motion for a new trial. The order is quite clear that Sumlin's motion for a new trial was denied. The fact that the trial court's order purported to order a remittitur has no effect. See Schiffman v. City of Irondale, 669 So.2d 136
(Ala. 1995) (where this Court held that an order granting a summary judgment was a final order even though the judge's order purported to grant the nonmovant an additional 28 days to present evidence). In other words, the January 13, 1995, order denied Sumlin's motion for a new trial. Any order attempting to grant a new trial or order a remittitur is void, and the jury verdict for $500,000 compensatory damages stands.
We point out that Wyser also made an "alternative argument" concerning the purported remittitur and the grant of a new trial. However, in view of our holding that the motion was denied and that there was no proper remittitur, we need not address this argument. *Page 238 
As noted above, Sumlin cross-appealed. It presents two issues for review: (1) Whether the trial court erred in admitting into evidence certain Occupational Safety and Health Act (hereinafter "OSHA") citations and (2) whether the trial court erred in denying Sumlin's motion for a directed verdict on the issue of contributory negligence and assumption of the risk.
 OSHA Citations
This Court has held that OSHA regulations, if properly introduced, may be admissible for a jury to consider in determining the standard of care that a defendant should have followed. Knight v. Burns, Kirkley Williams Construction Co.,331 So.2d 651 (Ala. 1976). Furthermore, OSHA citations may be used to show a breach of the standard of care. Smith v.International Paper Co., 656 So.2d 355 (Ala. 1995). We also note that this Court has recently held that these citations, which are public records, are admissible under a common law exception to the hearsay rule. Smith v. International Paper Co.,656 So.2d 355 (Ala. 1995).
In support of his argument that Sumlin was negligent, Wyser submitted certain OSHA citations Sumlin had received concerning the lack of guards and railings at other construction sites. One citation had been issued one month before Wyser's accident; it concerned "floor openings that were not guarded by standard railings and toe-boards or covers." The other citation related to "pits or trap door openings that were not guarded by covers of standard strength and construction or removable standard railings," and that citation also stated that "[a] fan duct pit was not covered or otherwise guarded, exposing employees to the hazard of falling ten feet to the concrete floor."
We opine that these citations are relevant to Wyser's accident. They both involved a lack of proper guarding and railing that exposed employees to the possibility of a fall. Both citations referred to the type of guards and railings that are required. Therefore, the prior OSHA violations were relevant, and evidence of them was properly admitted to show Sumlin's knowledge that proper railings and guards were required at all construction sites and to show that Sumlin knew, or should have known, that it was not meeting applicable OSHA standards.
 Contributory Negligence
A defendant relying on the defense of contributory negligence has the burden of proving facts supporting that defense, and it is only when the facts are such that all reasonable men must draw the same conclusion that contributory negligence is ever a question of law for the court. Marquis v. Marquis,480 So.2d 1213 (Ala. 1985). Although contributory negligence may be found to exist as a matter of law, the question of the existence of contributory negligence is normally one for the jury. Bridgesv. Clements, 580 So.2d 1346 (Ala 1991); Knight v. Seale,530 So.2d 821 (Ala. 1988).
Sumlin contends that Wyser created the circumstances that caused his injury and, therefore, must be found to have been contributorily negligent and to have assumed the risk of injury. We disagree. The record shows that Sumlin failed to offer substantial evidence of contributory negligence or assumption of the risk.
The judgment is reversed and the cause is remanded with instructions to reinstate the judgment of $500,000 in favor of Wyser.
REVERSED AND REMANDED.
BUTTS, J., concurs.
SHORES, HOUSTON, KENNEDY, and COOK, JJ., concur in the result.
HOOPER, C.J., and MADDOX, J., concur in part and dissent in part.