Based upon the wording of the order, I am persuaded that a new trial was timely granted. I am also convinced that the trial court erred in remitting the compensatory damages award.Pitt v. Century II, Inc., 631 So.2d 235 (Ala. 1993); Werner v.Henderson, 600 So.2d 1005 (Ala. 1992); Bridges v. Clements,580 So.2d 1346 (Ala. 1991). Wyser suffered injuries to his left leg and knee. At the time of the injury, Wyser was a 33-year-old *Page 239 
electrician, with a 47-year life expectancy. As a result of the injury, he sustained a 20% permanent partial disability to the lower left extremity — a 6% impairment to the body as a whole. He is restricted from doing work that requires him to kneel, squat, climb, crawl, or work at heights. He has undergone two operations on his knee, and he may undergo surgery in the future for additional ligament repair. His past medical expenses exceeded $22,000. He had lost substantial wages before the trial. He had been paid $10 per hour before the injury, and he was paid $5 per hour for the only work that he has been able to do since the injury (which was for only a two-month period). Wyser's wife has been the income producer for the family since his injury, and he stays home and takes care of the children. Wyser sleeps only three or four hours a night. The testimony as to pain and suffering was extensive and believable. He hurts on a daily basis. He has developed lower back problems and early arthritis because of an inability to walk without a limp.
I will go to the mat to uphold a jury's compensatory damages award, if there is no reversible error. See Wilson v. DukonaCorp., N.V., 547 So.2d 70, 73 (Ala. 1989).