YATES, Judge.
Nancy J. Eastburn brought negligence claims against Gulf Shores Marine Industries, Inc. (“Gulf Shores”), and The Marine Group, Inc. (“Marine”), seeking to recover damages for personal injuries, lost wages, and future medical expenses. The trial court, upon stipulation by the parties, dismissed with prejudice Eastburn’s claim against Marine. A jury heard the evidence on the claim against Gulf Shores and returned a verdict in favor of Eastburn in the amount of $40,000; Gulf Shores appeals.
*231 Eastburn is a self-employed boat detailer, performing the tasks of cleaning, waxing, polishing, and otherwise maintaining the appearance of boats. In December 1991, Marine, a yacht dealership, hired Eastburn to detail a 45-foot sport fishing boat located in Gulf Shores’ shipyard. Eastburn was an independent contractor employed by Marine; she was neither employed by nor under the control of Gulf Shores.
A day or two before Eastburn went to detail the boat, she told Gulf Shores’ yard manager, Tut Bovay, that she would be at the yard to work and would need scaffolding and access to electricity. Bovay responded by stating that the yard would provide these things.
The first day Eastburn was at the yard, she washed the boat using her own cleaning supplies and equipment, except for a hose provided by the yard. The next day, she began waxing the boat. Eastburn testified that it was customary for the yard to provide ladders and scaffolds to detailers. The type of scaffold that she normally used and that was normally available at the yard was unavailable that day. Eastburn, as instructed by, and with the help of, a Gulf Shores employee, assembled a scaffold, using several barrels with boards placed across them. She experienced no problem with the scaffold while waxing the starboard side of the boat. While working on the port side, however, Eastburn noticed that the scaffold was not steady; she adjusted the scaffold in an attempt to make it more stable. After she had waxed a portion of the port side, Eastburn fell from the scaffold and injured her left knee.
Eastburn, as instructed by her doctor, wore a cast and underwent prolonged physical therapy during the months following the accident. She did not work for approximately four months, and when she returned to work she worked in a limited capacity. After more than a year and a half of physical therapy, Eastburn’s discomfort continued. On her doctor’s recommendation, she agreed to undergo surgery. Following surgery, Eastburn underwent more physical therapy and did not return to work for three months.
We note initially that this case appears to be the first in which an Alabama appellate court has addressed a fact situation of this nature. Normally, in premises liability cases involving an injured independent contractor or an injured employee of an independent contractor, the contractor is employed by the landowner. See, e.g., Banks v. Bayou Bend II, Ltd., 552 So.2d 1070 (Ala.1989). Here, however, the injured party is the independent contractor of a party that does not own the property on which the injury occurred.
Of the numerous issues Gulf Shores raises, we find one to be dispositive: whether the trial court committed reversible error in instructing the jury that Eastburn was an invitee of Gulf Shores, rather than a licensee, at the time of the accident. The trial court gave the following instructions to the jury:
“[A]n invitee is a person who enters and remains upon the premises of another at the express or implied invitation of the owner or occupant and for a purpose in which the owner or the occupant of the premises has a beneficial interest.
“The duty of the owner or occupant of the premises to an invitee is to be reasonably sure that he is not inviting another into danger and to exercise ordinary care to render and keep the premises in a reasonably safe condition.
“A premises owner is not obligated to warn or instruct an invitee as to dangers of which the invitee has full knowledge and appreciation.”
Although the court’s instructions correctly set forth the law regarding invitee status and a landowner’s accompanying duty, we believe that it was reversible error to give those instructions.
A licensee is a person who visits the landowner’s property with the owner’s consent or as his guest but without a business purpose. Hambright v. First Baptist Church-Eastwood, 638 So.2d 865 (Ala.1994). A landowner owes a licensee the duty to abstain from willfully or wantonly injuring the licensee and to avoid negligently injuring the licensee after the landowner discovers a danger to the licensee. Id. This duty is not an active duty to safely maintain the premises; rather, the landowner has a duty not to *232 set traps or pitfalls and not to injure willfully or wantonly. Id.
It is undisputed that Eastburn was Marine’s independent contractor and that she had gone to Gulf Shores’ shipyard to perform a task for Marine, not Gulf Shores. The task of detailing the boat provided no benefit to Gulf Shores; therefore, Eastburn could not have been an invitee of Gulf Shores. It is also undisputed that Eastburn had Gulf Shores’ permission to be in the shipyard when the accident occurred. She, therefore, was a licensee of Gulf Shores, not an invitee.
In a jury trial, a party is entitled to have its case tried before a jury that has been given the appropriate rules of law to use in reaching a verdict. CIT Financial Services, Inc. v. Bowler, 537 So.2d 4 (Ala.1988). An incorrect or misleading instruction may serve as a ground for a new trial. Nunn v. Whitworth, 545 So.2d 766 (Ala.1989). Rule 51, Ala.R.Civ.P., provides:
“At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file and, in such event, shall serve on all opposing parties written requests that the court instruct the jury on the law as set forth in the requests. The court-shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. The judge shall write ‘given’ or ‘refused’ as the case may be, on the request which thereby becomes part of the record. Those requests marked ‘given’ shall be read to the jury without reference as to which party filed the request. Neither the pleadings nor ‘given’ written instructions shall go into the jury room. Every oral charge shall be taken down by the court reporter as it is delivered to the jury. The refusal of a requested, written instruction, although a correct statement of the law, shall not be cause for reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court’s oral charge or in charges given at the request of the parties. No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection.... Opportunity shall be given to make the objection out of the hearing of the jury. In charging the jury, the judge shall not express his opinion of the evidence.”
A judgment will not be reversed because of an erroneous charge or because of the trial court’s refusal to give a charge unless the trial court’s action injuriously affected the complaining party. Rule 45, Ala.R.App.P.
Gulf Shores fully complied with Rule 51 when it submitted requested, written instructions to the court regarding Eastburn’s status as a licensee, but the court refused to give them. Gulf Shores properly objected to the instructions regarding invitee status both before and after the court gave them, thereby preserving the issue for appeal. We also note that the instructions as a whole did not otherwise substantially and fairly apprise the jury of the law regarding licensee status and a landowner’s accompanying duty. Further, the erroneous instructions as to the duty Gulf Shores owed Eastburn undoubtedly injuriously affected Gulf Shores. We, therefore, reverse the judgment of the trial court and remand the case for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
CRAWLEY, J., concurs.
ROBERTSON, P.J., concurs in the result.