719 So.2d 238 (1998)
GULF SHORES MARINE INDUSTRIES, INC.
v.
Nancy J. EASTBURN.
2961139.
Court of Civil Appeals of Alabama.
March 6, 1998.
Rehearing Denied April 10, 1998.
Certiorari Denied July 17, 1998.
*239 Charles J. Potts and Susan Gunnells Smith of Janecky, Newell, Potts, Wells & Wilson, P.C., Mobile, for appellant.
James C. Powell, Foley, for appellee.
Alabama Supreme Court 1971273 and 1971341.
MONROE, Judge.
In December 1991, Nancy Eastburn, a self-employed boat detailer, was working on a boat in a shipyard owned by Gulf Shores Marine Industries, Inc., ("Gulf Shores") when she fell from a scaffold and injured her knee. Eastburn sued Gulf Shores, and the jury awarded her $40,000 in damages. Gulf Shores appealed, and this court reversed the judgment and remanded the case for a new trial. Gulf Shores Marine Industries, Inc. v. Eastburn, 681 So.2d 230 (Ala.Civ.App.1996). Another jury trial was held, and the jury awarded Eastburn $20,000. Gulf Shores appeals.
The only issue on appeal is whether the trial court erred in not granting Gulf Shores' motion for a directed verdict or its motion for a judgment notwithstanding the verdict, or alternatively, for a new trial, because, Gulf Shores contends, Eastburn is barred from recovering damages on the theory that she assumed the risk or was contributorily negligent.[1]
A motion for a JNOV simply provides the trial court with an opportunity to review its earlier ruling denying a motion for a directed verdict. First Financial Ins. Co. v. Tillery, 626 So.2d 1252, 1255 (Ala.1993). These motions permit the trial court to determine whether the nonmovant has presented substantial evidence to support each element of its cause of action or defense. Id. In reviewing a motion for a directed verdict or for a JNOV, this court must view all the evidence in a light most favorable to the nonmovant and must consider such reasonable evidentiary inferences as the jury has been free to draw. Id., at 1256. Regarding her alternative motion for a new trial, we cannot disturb the trial court's ruling unless some legal right has been abused and unless the record plainly and palpably shows the trial court to be in error. Jones v. Baltazar, 658 So.2d 420, 421 (Ala.1995).
The evidence shows that Eastburn had been working as a boat detailer for nine years when she had the accident at Gulf Shores' shipyard. She was working on a ship that was dry-docked when she fell from the scaffolding. Eastburn testified that the shipyards in which she worked typically provided her with A-frame-type scaffolding; however, a Gulf Shores employee told her that A-frame scaffolding was not available and that everyone in the Gulf Shores shipyard was working off of barrel scaffolding. *240 Barrel scaffolding consisted of two barrels and a board. A Gulf Shores employee assisted Eastburn in setting up a barrel scaffold for her use.
Eastburn used the scaffold and moved it as she worked on different sections of the boat. While working, she expressed to the shipyard manager that she would like to have better scaffolding, but he informed her that the barrel scaffold was the best they could provide. At one point, she became concerned that the scaffold was unsteady because it was on uneven ground, and a Gulf Shores employee placed a board under one of the barrels to steady the scaffold. Eastburn continued working on the scaffold after it had been secured. Later, when Eastburn was working on the middle section of the boat, a Gulf Shores employee helped her flip one of the barrels over, believing that would make the scaffold steadier. Eastburn was buffing the boat when she fell. She testified that both barrels overturned, that her knee caught in one barrel, and that the board then hit her in the knee. As a result of her fall, Eastburn underwent surgery and many months of physical therapy.
Questions of contributory negligence and assumption of the risk are normally questions for the jury. Ford v. Bynum Livestock & Comm'n Co., 674 So.2d 600 (Ala. Civ.App.1995). Only when the facts are such that all reasonable persons must draw the same conclusion does contributory negligence become a question of law for the court. Wyser v. Ray Sumlin Constr. Co., 680 So.2d 235 (Ala.1996).
The defendant bears the burden of proving the affirmative defense of contributory negligence. Wyser, supra. To prove contributory negligence, the defendant must show that the plaintiff (1) had knowledge of the condition; (2) had an appreciation of the danger under the surrounding circumstances; and (3) failed to exercise reasonable care by placing herself in the way of danger. McKerley v. Etowah-DeKalb-Cherokee Mental Health Bd., 686 So.2d 1194 (Ala.Civ.App. 1996).
To prove the affirmative defense of assumption of the risk, the defendant must prove that (1) the plaintiff had knowledge and appreciation of the danger she incurred, and (2) that she voluntarily consented to bear that risk. McKerley, supra. In determining whether assumption of the risk has been proven, the factfinder asks whether the plaintiff knew of the riskand not whether she should have known of it. Id.
Gulf Shores argues that it presented substantial evidence supporting every element of its defenses of contributory negligence and assumption of the risk, and that the evidence presented was such that reasonable persons could not differ in their conclusion that Gulf Shores had proven these defenses.
After reviewing the evidence, we must disagree with Gulf Shores' contention. Although Eastburn was aware that the scaffold became unsteady from time to time after she moved it, she and a Gulf Shores' employee took steps each time to steady it. There is no evidence that the scaffold appeared unsteady immediately before her fall. In addition, Eastburn had never before worked on barrel scaffolding, and the others in the shipyard were working on the barrel scaffolding. Therefore, we cannot say that Eastburn knew and appreciated the danger, so as to prove that necessary element of both contributory negligence and assumption of the risk. In addition, regarding the contributory negligence claim, we cannot say that the evidence proved that Eastburn failed to exercise reasonable care in placing herself in the way of danger.
Therefore, the trial court properly denied Gulf Shores' motions for a directed verdict and for a JNOV, or alternatively, for a new trial.
AFFIRMED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
THOMPSON, J., dissents.
THOMPSON, Judge, dissenting.
Because I believe Eastburn was instrumental in creating the hazard that caused her fall and subsequent injury, I respectfully dissent. Nancy Eastburn was an independent *241 contractor who provided her own equipment and materials in performing her boat "detailing" services.
Eastburn testified that she arrived at the shipyard and solicited the assistance of another worker in improvising a scaffold from barrels and boards found in the shipyard. She further testified that the ground was not as level on the port side of the boat and when she was working on that side she and another worker stabilized the scaffold by placing a piece of board under one of the barrels. She explained that when she reached the midsection of the port side of the boat, the scaffold once again became unstable, and, with the assistance of another worker, she corrected the problem, flipping one of the barrels around so that the board upon which she was standing rested across the open mouth of the barrel. She stated that when the scaffold collapsed, she caught her knee in the open-ended barrel as she fell.
To support the defense of assumption of the risk the evidence must show the following three elements: "(1) knowledge by the plaintiff of the condition; (2) appreciation by the plaintiff of the danger or risk posed by that condition; and (3) a voluntary, affirmative exposure to the danger or risk." Sprouse v. Belcher Oil Co., 577 So.2d 443, 444 (Ala.1991). One claiming the defense of contributory negligence is merely required to prove that the plaintiff, with full knowledge and appreciation of the danger, failed to exercise reasonable care. Id.; Sears v. Waste Processing Equipment, 695 So.2d 51 (Ala. Civ.App.1997). The defense does not require proof of a voluntary, affirmative exposure to the danger. Although the issue of contributory negligence is generally one to be resolved by the jury, when the facts are such that "all reasonable men must reach the same conclusion, contributory negligence may be found as a matter of law." Brown v. Piggly-Wiggly Stores, 454 So.2d 1370 (Ala. 1984).
Although Eastburn testified that she had never used the "barrel and board" type of scaffolding before this incident, she did state that she had used many varieties of scaffolding in her detailing business. In this case she admits not only that she took an active part in constructing this scaffolding from materials found around the shipyard, but also that she continued to modify the scaffolding in an attempt to remedy its repeated unsteadiness. Cf. Knight v. Alabama Power Co., 580 So.2d 576 (Ala.1991) (electrician electrocuted by live electrical wire of which he was aware while trimming limbs from a tree). In my opinion, the undisputed evidence in this case not only clearly supports a finding of contributory negligence as a matter of law, but also meets the more difficult burden of proof required to establish the defense of assumption of the risk. Therefore, I would reverse the trial court's denial of a directed verdict.
NOTES
[1] Rule 50, Ala. R. Civ. P., as amended effective October 1, 1995, renames the "motion for a directed verdict" and the "motion for a judgment notwithstanding the verdict" as a "motion for a judgment as a matter of law" and a "renewal of the motion for a judgment as a matter of law," respectively. The standard of review for a motion for a judgment as a matter of law is the same as for a motion for a directed verdict and a motion for a JNOV.