On October 20, 1997, Catherine Potmesil fell while shopping at a Gayfers department store, a store operated by a subsidiary of Mercantile Stores Company, Inc. (Hereinafter Mercantile Stores Company, Inc., will be referred to as "Gayfers.") Potmesil, age 90, suffered a broken hip as a result of her fall. Potmesil sued Gayfers, alleging that it had negligently or wantonly caused her fall and her injury. The case was tried in November 1998, and the jury returned a verdict in favor of Gayfers. Potmesil moved for a new trial, but the court denied her motion. The Court of Civil Appeals, on October 29, 1999, affirmed, without an opinion. Potmesil v. Mercantile Stores Co. (No. 2980460), ___ So.2d ___ (Ala.Civ.App. 1999) (table). We granted certiorari review to consider whether the trial court erred in instructing the jury on the law of assumption of the risk. For the reasons discussed below, we reverse and remand.
The evidence indicates that Potmesil and her companion, Helen Peterson, spent several hours shopping at a Gayfers store on the day of the incident. As the pair began to exit the store, they walked through the linens department. This area contained bedding displays angled toward the store aisle. According to Peterson, the beds protruded into the aisle at least eight or more inches. As Potmesil walked past the bed displays, she fell to the floor.
Potmesil testified that she fell as she was walking down the aisle in the linens department, but that she never saw anything in the area that could have caused her to trip and fall. She stated that she thought she tripped over a rug, because Peterson told her that she saw a rolled rug extending from under a bedding display after Potmesil fell.
Peterson testified that she felt Potmesil trip and then noticed a rolled rug at the foot of the bed display protruding out into the aisle. She further stated that the bed and the rolled rug were the only items in Potmesil's path that could have caused her to trip. Peterson also testified that she informed Gayfers personnel that Potmesil had tripped over the rug. Peterson could not recall whether she and Potmesil had walked down the same aisle previously during the day. She stated that neither she nor Potmesil saw the rug before Potmesil fell.
Bertha Philpot, a Gayfers sales associate working in the linens department at the time of the incident, testified that rugs are displayed on the floor around the bedding displays and at the foot of the beds. She *Page 342 
did not recall seeing a rolled rug protruding into the aisle.
Chassity Robinson, Gayfers' loss-prevention manager, testified that she did not see anything in the aisle that could have caused Potmesil to trip and fall. She denied receiving any information from Peterson regarding a rug extending into the aisle that might have caused Potmesil to fall.
The trial court charged the jury on the affirmative defense of assumption of the risk. Potmesil objected to this jury charge, arguing that the evidence did not support the charge. After deliberations began, the trial court charged the jury a second time on contributory negligence and assumption of the risk. Potmesil once again objected, arguing that the evidence presented did not warrant a jury instruction on assumption of the risk. The jury returned a verdict in favor of Gayfers. Potmesil filed a motion for a new trial accompanied by the affidavit of a juror Helen McCants, in which McCants stated: "[T]he focus of the conversation among the jurors during deliberations turned to `assumption of the risk.' Once that became the focus of our discussions, we were able to agree to a verdict in favor of [the defendant]."
Potmesil contends that the trial court erred in charging the jury on assumption of the risk because, she says, no evidence presented at trial supported the charge. Specifically, Potmesil argues that Gayfers presented no evidence indicating that before she fell she knew of, and appreciated, the risk posed by the instrument that caused her to fall.
Gayfers argues that the charge on assumption of the risk was warranted by the evidence. It contends that the evidence was sufficient for the jury to infer that "Potmesil must have known and appreciated the alleged danger." Gayfers relies upon the following evidence in support of its position:
 "1. Mrs. Potmesil and her paid attendant had been in the store for two to three hours, shopping in several areas of the store.
 "2. Helen Peterson admitted it was possible that Mrs. Potmesil had been in that area on at least one occasion that day when she went to the bathroom.
 "3. The alleged dangerous condition consisted of a three foot high bed covered with a black and white zebra comforter.
 "4. The zebra colored bed is alleged to have been sticking out into the aisle approximately 6 to 8 inches or more.
 "5. In addition to the zebra colored rug, Helen Peterson alleged that a rolled up black and white zebra patterned rug was sticking out into the aisle an additional 6 to 8 inches or so.
 "6. The tile floor of the aisle way was a tannish-brown color.
 "7. The combination of the black and white zebra colored bed and black and white zebra colored rug protruded at least 1 1/2 feet into the tan colored floor.
"8. The store was not crowded.
 "9. There were no displays in the aisle that obscured Mrs. Potmesil and Mrs. Peterson's view of the aisle way or the bed.
 "10. There were no other obstructions obscuring Mrs. Potmesil's and Mrs. Peterson's view of the three foot high zebra colored bed and rug allegedly sticking 1 1/2 feet into the tan aisle.
 "11. Mrs. Potmesil and Mrs. Peterson were walking slowly to the exit en route to Mrs. Peterson's car."
Potmesil was an invitee of Gayfers; therefore, Gayfers owed her a duty to have its premises free from danger or, if *Page 343 
the premises were dangerous, to give her warning sufficient to enable her, through the use of reasonable care, to avoid the danger. Hose v.Winn-Dixie Montgomery, Inc., 658 So.2d 403 (Ala. 1995).
 "An owner of a premises is not an insurer of the safety of its invitees, and the doctrine of res ipsa loquitur is not applicable to slip and fall cases. Neither does a presumption of negligence arise from the mere fact of an injury to an invitee. Riverview Regional Medical Center v. Williams, 667 So.2d 46
(Ala. 1995). An owner will be liable only if it failed to use reasonable care in maintaining its premises in a reasonably safe manner."
Flagstar Enters., Inc. v. Bludsworth, 696 So.2d 292, 294 (Ala.Civ.App. 1996).
The affirmative defense of assumption of the risk requires that the defendant prove (1) that the plaintiff had knowledge of, and an appreciation of, the danger the plaintiff faced; and (2) that the plaintiff voluntarily consented to bear the risk posed by that danger.Gulf Shores Marine Indus., Inc. v. Eastburn, 719 So.2d 238, 240
(Ala.Civ.App. 1998). Assumption of the risk is described as "a form of contributory negligence applicable to factual situations in which it is alleged that the plaintiff failed to exercise due care by placing himself or herself into a dangerous position with appreciation of a known risk."Cooper v. Bishop Freeman Co., 495 So.2d 559, 563 (Ala. 1986), overruled on other grounds, Burlington Northern R.R. v. Whitt, 575 So.2d 1011
(Ala. 1990). This Court has held that "[a]ssumption of the risk proceeds from the injured person's actual awareness of the risk." McIsaac v. MonteCarlo Club, Inc., 587 So.2d 320, 324 (Ala. 1991) (emphasis added).
In determining whether assumption of the risk has been proven, the factfinder looks to the plaintiff's state of mind, using a subjective standard — asking whether the plaintiff knew of the risk, not whether he should have known of it. McKerley v. Etowah-DeKalb-CherokeeMental Health Bd., Inc., 686 So.2d 1194, 1197 (Ala.Civ.App. 1996). In cases where the defendant fails to show that the plaintiff subjectively appreciated the danger and voluntarily consented to bear the risk posed by that danger, "the trial court properly would not submit the question to the jury." Superskate, Inc. v. Nolen, 641 So.2d 231, 237 (Ala. 1994).
The trial court gave the jury the following instruction on the law of assumption of the risk:
 "If you are reasonably satisfied from the evidence that the Plaintiff had knowledge of the condition which she contended caused her to fall and that she appreciated the danger or risk posed by that condition and voluntarily exposed herself to the danger or risk, then she cannot recover against the defendant.
 "There are three elements essential to assumption of the risk in cases of this kind.
 "First, that the party had knowledge of the existence of the dangerous condition; and second, even though appreciating such danger failed to exercise care for her own safety by putting herself in the way of such known danger."
Because the evidence gave no indication that Potmesil actually knew of, and appreciated, the danger involved, and voluntarily consented to bear the risk that she would fall while walking down the aisle of Gayfers, the evidence did not support a jury charge on assumption of the risk. Thus, instructing the jury on that defense was reversible error. *Page 344 
The judgment is reversed and the cause is remanded. REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, HOUSTON, COOK, LYONS, JOHNSTONE, and ENGLAND, JJ., concur.