[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

--------------------------------------------

No. 06-11445
Non-Argument Calendar

--------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 16, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-00546-CV-BH-M

AMY GONDRELLA,

Plaintiff-Appellant,

versus

BRITTANY MAINOR,

Defendant-Appellee,

PROGRESSIVE INSURANCE COMPANY,

Defendant.

----------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Alabama

----------------------------------------------------------------

**(April 16, 2007)**

Before EDMONDSON, Chief Judge, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Amy Gondrella appeals the jury verdict in favor of Defendant-Appellee Brittany Mainor in Plaintiff's diversity suit for damages sustained when Plaintiff's vehicle was rear-ended by Defendant's vehicle. No reversible error has been shown; we affirm.

According to stipulated facts, on the day of the collision, the parties were teammates on the Alabama Southern College softball team; the team had just finished a practice session. The parties were leaving campus to go to their off campus housing when, while still within the parking lot, Plaintiff's vehicle stopped; and Defendant, unaware that Plaintiff had stopped, struck the rear of Plaintiff's car.

Plaintiff testified that she was rear-ended by Defendant's vehicle one or two seconds after she stopped her car in the parking lot at a stop sign where, had she not stopped, she would have entered oncoming traffic. Defendant's version of the facts is somewhat different. Defendant testified that most of her teammates left in their cars shortly before Defendant and Plaintiff. Plaintiff pulled out in front of Defendant, and Plaintiff's body language indicated to Defendant that Plaintiff wanted to race. According to Defendant, Plaintiff and Defendant were goofing around in the parking lot. Plaintiff cut through the parking lot (the other teammates exited onto a street which went around the parking lot); Defendant was

2

behind Plaintiff. Plaintiff stopped abruptly before reaching the stop sign that would have required her to stop and yield the right of way to traffic. Because Defendant had not anticipated the abrupt stop, Defendant plowed into Plaintiff's car.

Plaintiff maintains that no reasonable jury could determine that Defendant was not at fault in this accident. But no such determination was required: in Alabama contributory negligence is an absolute bar to recovery. Ridgeway v. CSX Transp. Inc., 723 So.2d 600, 606 (Ala. 1998). The Supreme Court of Alabama has rejected expressly calls to abandon the doctrine of contributory negligence (and its complete bar to recovery) in favor of the doctrine of comparative negligence applied in most common law jurisdictions. See Williams v. Delta Intern. Machinery Corp., 619 So.2d 1330, 1333 (Ala. 1993). And, contributory negligence is an issue for the jury except "only when the facts are such that all reasonable men must draw the same conclusion." Wyser v. Ray Sumlin Constr. Co., 680 So.2d 235, 238 (Ala. 1996).

Evidence existed in the record that Plaintiff "egged" Defendant into engaging in horseplay that included cutting through the parking lot and racing toward an exit in a manner that could have allowed Plaintiff and Defendant to overtake their teammates. Plaintiff denied this conduct and denied stopping

3

abruptly in advance of the intersection; her denials could be true. But Plaintiff's credibility was challenged. By its verdict, the jury expressed its lack of confidence in Plaintiff's account of the accident; "[w]e will not override the jury's decision on the credibility of a witness." Meeks v. Computer Associates Intern., 15 F.3d 1013, 1018 (11th Cir. 1994) (quotation and citation omitted).

Sufficient evidence existed to allow the jury to consider the issue of contributory negligence. Indeed, Plaintiff cites us to nothing in the record whereby Plaintiff sought a determination of this issue in her favor as a matter of law. On this record, it cannot be said that no reasonable jury could conclude that Plaintiff was contributorily negligent; the jury verdict will not be disturbed.

**AFFIRMED.**