HOUSTON, Justice.
The plaintiff, Eula Sherman, was involved in an automobile accident with the defendant Clay King Tate, on January 7, 1993. Tate was uninsured at the time of the accident. Sherman had an automobile liability policy with State Farm Mutual Automobile Insurance Company (“State Farm”). Sherman sued Tate. She joined a claim against State Farm, seeking uninsured motorist benefits pursuant to the terms of her State Farm insurance policy. State Farm answered and cross-claimed against Tate.
State Farm chose to Opt out of the trial, relying on the procedures set out in Lowe v. Nationwide Insurance Co., 521 So.2d 1309 (Ala.1988). State Farm then petitioned the trial court to allow it to hire an additional attorney to help represent at trial the uninsured motorist, Tate, who had already retained his own attorney. The trial court denied State Farm’s request. State Farm filed this petition for a writ of mandamus directing the trial court to allow it to hire additional trial counsel for Tate. In its petition State Farm relies on Driver v. National Security Fire & Casualty Co., 658 So.2d 390 (Ala.1995).
We held in Ex parte Edgar, 543 So.2d 682, 684 (Ala.1989) (citing Barber v. Covington County Comm’n, 466 So.2d 945 (Ala.1985)):
“[Mjandamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.”
The single issue presented by this petition is whether an uninsured motorist insurance carrier, in this case State Farm, has the right under Alabama law to hire additional counsel to help assist an uninsured motorist defendant like Tate at trial in order to protect its interests in the fair and just adjudication of the underlying tort claim.
The case of Lowe v. Nationwide Insurance Co., 521 So.2d 1309 (Ala.1988), states that in a case where the defendant is either uninsured or underinsured the plaintiff has an option:
“[Ejither ... [to] join as a party defendant his own liability insurer in a suit against the [uninsured or] underinsured motorist or merely to give it notice of the filing of the action against the motorist and of the possibility of a claim under the [uninsured or] underinsured motorist coverage at the conclusion of the trial.”
Id. at 1310. (Emphasis omitted.) The insurer, under either scenario, is given the option to “either ... participate in the trial (in which case its identity and the reason for its being involved are proper information for the jury), or not to participate in the trial (in which case no mention of it or its potential involvement is permitted by the trial court).” Id. (Emphasis omitted.) Either way, “the insurer would be bound by the factfinder’s decisions on the issues of liability and damages.” Id. (emphasis added).
In the case of Driver v. National Security Fire & Casualty Co., supra, this Court recognized that liability insurance carriers facing the uninsured motorist situation are placed in a much more precarious position than are liability insurance carriers faced with the un-derinsured motorist situation. Recognizing this more precarious position, this Court held in Driver that insurance carriers in the uninsured situation should be allowed to opt out of the underlying tort ease and still be given the opportunity to elect to hire an attorney to help represent the uninsured motorist.[1]
In Driver, we wrote:
*77 “[W]here the defendant motorist has liability insurance but the limits may not be sufficient to fully satisfy the potential judgment against him, the defendant motorist has an attorney retained by [his] carrier to defend him. When the underinsured carrier is named as a defendant, and chooses to opt out of the trial of the case, there is an attorney defending the interest of the un-derinsured motorist [and consequently the interests of the underinsured coverage carrier as well].”
658 So.2d at 394. “A different situation is created when the defendant motorist has no-' liability coverage.” 658 So.2d at 395.
Even when an uninsured motorist can afford to hire a defense attorney, the interests of the insurance company providing uninsured motorist benefits may not always be adequately represented at trial by that attorney, because the uninsured motorist’s interests may not always be squarely aligned with those of the insurance carrier. Obviously, there are also potential collusion problems. “Understanding the need for the uninsured motorist insurance carrier to protect its interests,” we held in Driver, supra, “that once the carrier opts out of the trial under Lowe, it may, in its discretion, hire an [additional] attorney to represent the uninsured motorist defendant.” 658 So.2d at 395 (emphasis added).
For the foregoing reasons, State Farm’s petition for the writ of mandamus is due to be granted.
WRIT GRANTED.
HOOPER, C.J., and ALMON and INGRAM, JJ., concur.
BUTTS, J., concurs in the result.

. In Driver, Attorney Robert Bowers, Jr., the administrator of the estate of the deceased uninsured motorist, "represented the estate of [the uninsured motorist] in the pending litigation” before requesting that the uninsured motorist insurance carrier retain another lawyer to "assist in the trial.” Driver v. National Security Fire & Casualty Co., 658 So.2d 390, 391 (Ala.1995).