MURDOCK, Justice
(dissenting).
The procedure described in Lowe v. Nationwide Insurance Co., 521 So.2d 1309 (Ala.1988), was suggested to the Court by both parties to that appeal, and agreed to by the Court, under circumstances where there were no “problems of confidence in defense counsel[’s]” ability to protect the interests of the underinsured-motorist-in-surance carrier. 521 So.2d at 1310. Specifically, in Lowe, the same insurance company provided both liability coverage to the alleged tortfeasor and underinsured-motorist coverage to the plaintiff. As the Court explained:
*1221 “[T]he alleged tort-feasor’s liability insurer and the plaintiffs underinsured motorist insurer are the same company. The problems of confidence in defense counsel and the knowledge of applicable limits do not exist. The suggested procedure seems unimpeachable under the circumstances, as well as being readily adaptable to other underinsured motorist claims.”
Lowe, 521 So.2d at 1310. Thus, Lowe was not concerned with the issue whether the plaintiffs underinsured-motorist insurer would be permitted to pay for counsel other than, or in addition to, whatever counsel might otherwise represent the alleged tortfeasor.
Subsequently, however, in Driver v. National Security Fire & Casualty Co., 658 So.2d 390 (Ala.1995), this Court was concerned with such a situation. The Court in Driver held that an uninsured-motorist-insurance carrier could hire an attorney to represent an uninsured-motorist defendant, even after the carrier had opted out of the trial under the procedure described in Lowe, because of “the need for the uninsured motorist insurance carrier to protect its interests” with an attorney in whom it had “confidence.” Driver, 658 So.2d at 395.
This Court was again confronted with a situation in which “confidence in defense counsel” might be an issue in Ex parte State Farm Mutual Automobile Insurance Co., 674 So.2d 75 (Ala.1995). The Court held that an uninsured-motorist-insurance carrier may hire an additional attorney to represent an uninsured-motorist defendant who already had hired an attorney using his or her own funds. 674 So.2d at 77.
The above-emphasized rationale of Driver logically applies (1) to the situation where an uninsured motorist has not been able to hire an attorney using his or her own funds and the interests of the alleged tortfeasor and of the uninsured-motorist-insurance carrier would be better protected if the alleged tortfeasor were to be represented by counsel proposed by the carrier, i.e., the situation presented in Driver, (2) to the situation where an uninsured motorist has hired an attorney using his or her own funds but the alleged tort-feasor and the uninsured-motorist-insurance carrier agree that their respective interests would be better protected if different or additional counsel were to represent the alleged tortfeasor, i.e., the situation presented in State Farm, and (3) to the situation where an underinsured motorist is represented by an attorney paid for by his or her own liability insurance company, but the alleged tortfeasor, his or her liability carrier, and the underinsured-motorist-insurance carrier agree that their respective interests would better protected if the alleged tortfeasor were to be represented by different or additional counsel proposed by the carrier, i.e., the situation presented in the present case. I fail to see a principled distinction between any of these three situations. In all three, the reason articulated by this Court for its holdings in Driver and State Farm is present: the insurance carrier’s need to protect its interest by insuring that the alleged tortfeasor, whose potential liability it insures, is represented by defense counsel in whom the carrier has confidence.
Further, absent a conflict of interest or similar concern involving the plaintiff (e.g., where proposed counsel for the alleged tortfeasor previously has represented the plaintiff in the same litigation), I cannot discern what concern it is of a plaintiff what counsel the alleged tortfeasor (and his or her liability carrier, where applicable) has chosen or agreed to (as has occurred here with respect to Taylor) or who pays counsel’s fees. Lowe was concerned *1222 with accommodating three specific, competing considerations:
“1) that of protecting the right of the insurer to know of, and participate in, the suit; 2) that of protecting the right of the insured to litigate all aspects of his claim in a single suit (‘Separate trials of the same issues and facts are a waste of time and money, and should be avoided if possible,’ Wall v. Hodges, 465 So.2d 359 (Ala.1984)); and 3) that of protecting the liability phase of the trial from the introduction of extraneous and corrupting influences, namely, evidence of insurance. Robins Engineering, Inc. v. Cockrell, 354 So.2d 1 (Ala.1977).”
521 So.2d at 1309. Only one of these considerations is a concern of the plaintiff, i.e., protecting the right of the plaintiff to litigate both its claim against the alleged tortfeasor and its claim against the uninsured/underinsured-motorist carrier in the same proceeding. The Lowe Court adopted an arrangement that fully addressed this concern, giving to plaintiffs the initial right to choose, in every case, whether they will litigate both their claims in the same proceeding. Once the plaintiff makes that choice, the concern of the plaintiff identified in Lowe will have been addressed. Assuming the plaintiff chooses to litigate both of its claims in the same proceeding, the concerns that remain are those of the uninsured/underinsured-mo-torist carrier. Thus, the Lowe Court left it to the insurance carrier to choose whether to accept the risk of the “extraneous and corrupting influence” that would attend its appearance before the jury in the single proceeding chosen by the plaintiff. I fail to see how the manner in which the alleged tortfeasor’s counsel is selected disrupts or otherwise has any bearing upon the arrangement adopted in Lowe, including in particular the manner in which the Lowe Court accommodated the plaintiffs right to litigate both its claims in the same proceeding.
It is true that in Driver the Court did make note of the fact that the uninsured-motorist carrier in that case had waived its subrogation rights against the alleged tort-feasor “in order to avoid any conflict [of interest],” 658 So.2d at 394; RLI has not waived its subrogation rights against the alleged tortfeasor here. Nowhere, however, does the Court in Driver state that the uninsured-motorist carrier’s waiver of sub-rogation rights was necessary to its holding that the tortfeasor could be represented by the same counsel that previously had represented the uninsured-motorist carrier. There was no mention of any such waiver in State Farm. Further, the potential conflict referenced by the Court is one that would be between the uninsured/underinsured-motorist carrier and the alleged tortfeasor. (If anything, a less than zealous representation of the alleged tortfeasor resulting from counsel’s knowledge that the insurer with whom he or she maintains a relationship maintains a right of subrogation against the alleged tortfea-sor would tend to work to the plaintiffs advantage.) Again, I fail to see how, in a case where the alleged tortfeasor (and his or her liability carrier if applicable) chooses to be represented by an attorney proposed by the uninsured/underinsured-mo-torist carrier, and accordingly waives any possible conflict relating to such representation, the plaintiff has any “standing” to complain as to whom the alleged tortfeasor chooses to have represent him or her. Insofar as I can see, the alleged tortfeasor’s choice of attorney does not disrupt the arrangement adopted in Lowe or, more specifically, deprive the plaintiff of the “benefit” intended for the plaintiff by that arrangement, i.e., litigating all its claims in *1223 one proceeding.[5]

. Given the duties of loyalty and of zealous representation owed the tortfeasor by whatever counsel represents the tortfeasor, I do not believe this Court can assume that an under-insured-motorist carrier will have a "representative presence” or will be "participatfing] in the proceeding” in the manner referenced in note 3 of the main opinion. 73 So.3d at 1219-20 n. 3. In any event, the three concerns identified in Lowe as informing the Court's decision are no less met where a tortfeasor chooses to be represented by counsel who previously represented an uninsured/underinsured-motorist carrier in connection with the case.