WOODALL, Justice.
Monica Ware appeals from a summary judgment in favor of Deutsche Bank National Trust Company, as trustee for HSI Asset Securitization Corporation 2006-OPT2 Mortgage Pass-Through Certificates, Series 2006-OPT2 (“the trustee”), in the trustee’s ejectment action against her. We affirm.

I. Factual and Procedural Background

The essential facts are undisputed. On May 17, 2008, and for two successive weeks thereafter, a notice was published in the Alabama Messenger, a newspaper published in Birmingham, stating, in pertinent part:
“NOTICE OF FORECLOSURE SALE
“Default having been made in payment in the payment of the indebtedness secured by that certain mortgage executed by Monica S. Ware and spouse, *1165 Gerald James Ware,[1] to Option One Mortgage Corporation on July 29, 2005, said mortgage being recorded in the office of the Judge of Probate of Jefferson County, Alabama, in Instrument No. 200511/1622, and subsequently transferred and assigned to Deutsche Bank National Trust Company as trustee for HSI Asset Securitization Corporation 2006-OPT2 Mortgage Pass-Through Certificates, Series 2006-OPT2; Deutsche Bank National Trust Company as trustee for HSI Asset Securitization Corporation 2006-OPT2 Mortgage Pass-Through Certificates, Series 2006-OPT2, under and by virtue of the power of sale contained in said mortgage, will sell at public outcry to the highest bidder for cash in front of the main entrance of the Jefferson County Courthouse, in Birmingham, Alabama, on June 4, 2008, during the legal hours of sale, the following described real estate, situated in Jefferson County, Alabama. ...
“[Description of property.]
“... This sale is made for the purpose of paying the indebtedness secured by said mortgage, as well as the expense of foreclosure.

“Deutsche Bank National Trust Company as Trustee for HSI Asset Secu-ritization Corporation 2006-OPT2 Mortgage Pass-Through Certificates, Series 2006-OPT2, Transferee.”

(Emphasis added.)
On June 4, 2008, an instrument was executed reading, in pertinent part:
“FORECLOSURE DEED “KNOW ALL MEN BY THESE
PRESENTS, That whereas heretofore on July 29, 2005, Monica S. Ware and spouse, Gerald James Ware, executed a certain mortgage on the property hereinafter described to Option One Mortgage Corporation, which said mortgage was recorded in the Office of the Judge of Probate of Jefferson County, Alabama, as Instrument No. 200511/1622; and
“WHEREAS, in and by said mortgage the mortgagee was authorized and empowered in case of default in the payment of the indebtedness thereby secured according to the terms thereof, to sell said property before the Jefferson County Courthouse door in the City of Birmingham, Alabama, after giving notice of the time, place and terms of said sale in some newspaper published in said city by publication once a week for three consecutive weeks prior to said sale at public outcry for cash to the highest bidder, and said mortgage provided that in case of sale under the power and authority contained in same, the mortgagee or any person conducting said sale for the mortgagee was authorized to execute title to the purchaser at said sale; and it was further provided in and by said mortgage that the mortgagee may bid at the sale and purchase said property if the highest bidder therefor; and
“WHEREAS, default was made in the payment of the indebtedness secured by said mortgage, and the said Option One Mortgage Corporation did declare all of the indebtedness secured by said mortgage due and payable and did give due and proper notice of the foreclosure of said mortgage by publication in the Alabama Messenger, a newspaper published in Jefferson County, Alabama, and of general circulation in Jefferson County, Alabama, in its issues of May 17, May 24, and May 31, 2008; and
*1166 “WHEREAS, on June 4, 2008, the day-on which the foreclosure was due to be held under the terms of said notice, between the legal hours of sale, said foreclosure was duly and properly conducted, and Option One Mortgage Corporation did offer for sale and sell at public outcry in front of the Jefferson County Courthouse in the City of Birmingham, Alabama, the property hereinafter described; and
“WHEREAS, Scott J. Humphrey was the auctioneer who conducted said foreclosure sale and was the person conducting said sale for the said Option One Mortgage Corporation; and
“WHEREAS, the highest and best bid for the property described in the aforementioned mortgage was the bid of Deutsche Bank National Trust Company, as Trustee for HSI Asset Securitization Corporation 2006-OPT2 Mortgage Pass-Through Certificates, Series 2006-OPT2, in the amount of $465,375.00, which sum of money Option One Mortgage Corporation offered to credit on the indebtedness secured by said mortgage, and the said Option One Mortgage Corporation, by and through Scott J. Humphrey, as auctioneer conducting said sale and as attorney-in-fact for Option One Mortgage Corporation, does hereby GRANT, BARGAIN, SELL AND CONVEY unto the said Deutsche Bank National Trust Company, as Trustee for HSI Asset Securitization Corporation 2006-OPT2 Mortgage Pass-Through Certificates, Series 2006-OPT2, the following described property situated in Jefferson County, Alabama, to-wit:
“SEE ATTACHED EXHIBIT ‘A’
“TO HAVE AND TO HOLD the above described property to Deutsche Bank National Trust Company, as Trustee for HSI Asset Securitization Corporation 2006-OPT2 Mortgage Pass-Through Certificates, Series 2006-OPT2, and its successors and assigns; subject, however, to the statutory right of redemption on the part of those entitled to redeem as provided by the laws of the State of Alabama.
“IN WITNESS WHEREOF, Monica S. Ware and Gerald James Ware, and Option One Mortgage corporation have caused this Instrument to be executed by and through Scott J. Humphrey, as auctioneer conducting said sale and as their attorney-in-fact, and Scott J. Humphrey, as auctioneer conducting said sale, has hereto set his hand and seal on this the 4th day of June, 2008.”
(Emphasis added.)
On August 29, 2008, the trustee filed a complaint seeking to eject the Wares from the property, pursuant to Ala.Code 1975, § 6-6-280. It claimed to be entitled to immediate possession of the property by virtue of its purchase pursuant to a foreclosure sale. Ware filed her answer to the complaint on June 1, 2009, containing a general denial of all allegations, but stating no affirmative defenses or counterclaims.
On July 9, 2009, the trustee filed a motion for a summary judgment. The motion was accompanied by a copy of the foreclosure deed and the affidavit of Connie White, assistant vice president of the trustee, who verified the deed. She stated that she was “in charge of the books and records of the [trustee] regarding the account made the basis of this action” and that she “ha[d] personal knowledge of the facts set forth in [the] affidavit.” She stated: “[The trustee] avers that by virtue of foreclosure on ... June 4, 2008, of that certain mortgage originally between [the Wares] and [Option One], [the trustee became] the owner of the ... real property.” She stated that the Wares had “failed and refused to vacate the ... property despite [the trustee’s] demands to do so.” A hear *1167 ing on the summary-judgment motion was scheduled for September 10, 2009.
On September 8, 2009, Ware’s counsel requested additional time in which to respond to the summary-judgment motion and filed an affidavit stating the reasons for the request. See Rule 56(f), Ala. R. Civ. P. On September 10, 2009, the trial court stayed the hearing on the motion for a summary judgment.
Meanwhile, on September 9, 2009, Ware filed an amended answer asserting counterclaims. The trustee moved to strike the counterclaims, contending that they were untimely and that they were barred by the statute of limitations. On November 17, 2009, the trial court granted the trustee’s motion, stating: “After hearing the oral arguments of counsel and reviewing the pleadings, the court finds that [Ware’s] counterclaims are barred by the statute of limitations. Accordingly, [Ware’s] amended pleadings are due to be stricken.”
On January 12, 2010, Ware filed a response to the summary-judgment motion. Her response included a “narrative statement of material facts,” which stated, in pertinent part:
“4. The demand for possession ... was made by Plaintiff, [trustee].
“5. However, according to the actual publication in the Alabama Messenger of the notice of foreclosure sale, ... [the trustee ] was the entity that was going to conduct the foreclosure sale on June 4, 2008....
“6. The record owner of the mortgage and Lender at the time of the foreclosure sale was Option One.
“7. Paragraph 21 of the mortgage dated July 29, 2005, between Option One and the [Wares] provides that in the event ... the Lender invokes the power of sale due to default, ‘Lender [emphasis in Ware’s response] shall publish the notice of sale.... ’
“8. Clearly the notice of foreclosure was not published by Option One, the record owner and Lender at the time the power of sale was invoked and notice published.... Instead, it was published by [the trustee].”
(Emphasis added except as otherwise noted.) Ware asserted that “a sale under the power in a mortgage ... must be conducted in strict compliance with the terms of the power” and that “ ‘[a]ll sales of real estate, made under powers contained in mortgages ... contrary to the provisions of this article, shall be null and void.’ ” (Quoting Ala.Code 1975, § 35-10-9.) Therefore, she argued, “because the Lender, Option One, did not publish the notice,” the mortgage was breached, which breach rendered the foreclosure sale invalid.
Ware had also filed a copy of the “Pooling and Servicing Agreement” (“the PSA”), which created the HSI Asset Secu-ritization Corporation 2006-OPT2 Mortgage Pass-Through Certificates, Series 2006-OPT2 (“the trust”). In her response to the motion for a summary judgment, Ware argued that the purported acquisition of her property through the foreclosure deed violated certain terms of the PSA, and she contended that the foreclosure sale was therefore void. However, on January 22, 2010, the trial court entered a summary judgment for the trustee.
Ware then filed a motion to alter, amend, or vacate the judgment and requested a hearing. The trial court neither ruled on Ware’s motion nor held a hearing, and the motion was deemed denied by operation of Rule 59.1, Ala. R. Civ. P. Ware appealed.[2] On appeal, Ware challenges (1) the timing and propriety of the *1168 summary judgment, (2) the order striking her counterclaims, and (3) the trial court’s refusal to hold a hearing on her motion to alter, amend, or vacate the judgment.

II. Discussion

In objecting to the dismissal of her counterclaims, Ware conceded that the issue as to the merits of her counterclaims “boils down to one very simple question: ‘did the [trustee] have the right to foreclose upon the [Wares’] property?’ ... This case will rise and fall upon the [trustee’s] having the [right] to foreclose.” Thus, we first address the arguments directed to the summary judgment.

A. Summary Judgment

Ware challenges both the timing and the merits of the summary judgment. As for the timing, Ware contends that “[t]he trial court erred when it ignored Ware’s [Rule] 56(f)[, Ala. R. Civ. P.,] filing and granted summary judgment before discovery could be conducted and completed.” Ware’s brief, at 64.
“Rule 56(f) allows a party opposing a summary-judgment motion to file an affidavit alerting the trial court that it is presently unable to present ‘facts essential to justify the party’s opposition.’ The Committee Comments to August 1, 1992, Amendment to Rule 56(c) and Rule 56(f) state that ‘[s]uch an affidavit should state with specificity why the opposing evidence is not presently available and should state, as specifically as possible, what future actions are contemplated to discover and present the opposing evidence.’ The disposition of a request made pursuant to Rule 56(f) is discretionary with the trial court.”
Scrushy v. Tucker, 955 So.2d 988, 1007 (Ala.2006).
Following Ware’s Rule 56(f) filing in this case, the trial court stayed indefinitely the hearing on the summary-judgment motion. On December 8, 2009, the court set January 15, 2010, as the new date for a hearing on the motion. Ware did not renew her request for additional time. Instead, she responded to the trustee’s summary-judgment motion on the merits, relying on (1) the provisions of the PSA and (2) the alleged discrepancy between the notice and the deed. During the four-month interval between her Rule 56(f) filing and her response to the motion on the merits, she did not serve any written discovery requests. Thus, there was no discovery pending when the trial court ruled on the summary-judgment motion. Moreover, Ware does not inform this Court of what further materials she needed to bolster her case. Put simply, she does not allege that she has been prejudiced by the timing of the summary judgment. For these reasons, she has failed to demonstrate that the trial court exceeded its discretion in ruling on the summary-judgment motion when it did.
As for the merits of the summary judgment, Ware first contends that the trustee failed to carry its threshold burden and that a summary judgment was therefore inappropriate.
“ ‘ “ ‘[T]he manner in which the [summary-judgment] movant’s burden of production is met depends upon which party has the burden of proof ... at trial.’ ” ’ Denmark v. Mercantile Stores Co., 844 So.2d 1189, 1195 (Ala.2002) (quoting Ex parte General Motors Corp., 769 So.2d 903, 909 (Ala.1999), quoting in turn Berner v. Caldwell, 543 So.2d 686, 691 (Ala.1989) (Houston, J., concurring specially)). If the movant is the plaintiff with the ultimate burden of proof, his ‘ “proof must be such that he would be entitled to a directed verdict [now referred to as a judgment as a matter of law, see Rule 50, Ala. R. Civ. P.] if this evidence was not controverted *1169 at trial.” ’ Ex parte General Motors, 769 So.2d at 909 (quoting Berner, 543 So.2d at 688).
“ ‘The first prerequisite for [a summary judgment] in favor of a movant who asserts a claim ... is that the claim ... be valid in legal theory, if its validity be challenged. See Driver v. National Sec. Fire & Gas. Co., 658 So.2d 390 (Ala.1995). The second prerequisite for [a summary judgment] in favor of such a movant, who necessarily bears the burden of proof, American Furniture Galleries v. McWane, Inc., 477 So.2d 369 (Ala.1985), McKerley v. Etowah-DeKalb-Cherokee Mental Health Board, Inc., 686 So.2d 1194 (Ala.Civ.App.1996), and Oliver v. Hayes International Corp., 456 So.2d 802 (Ala.Civ.App.1984), is that each contested element of the claim ... be supported by substantial evidence. See Driver, supra, and McKerley, supra. The third prerequisite for [a summary judgment] in favor of such a movant is that the record be devoid of substantial evidence rebutting the movant’s evidence on any essential element of the claim.... See Driver, supra, and First Fin. Ins. Co. v. Tillery, 626 So.2d 1252 (Ala.1993). Substantial rebutting evidence would create an issue of fact to be tried by the finder of fact and therefore would preclude [a summary judgment]. See Driver, supra, and First Financial, supra. [Summary judgment] in favor of the party who asserts the claim ... is not appropriate unless all three of these prerequisites coexist. See Driver, supra, and First Financial, supra, McKerley, supra, and Oliver, supra.’ ”
Ross v. Rosen-Rager, 67 So.3d 29, 35 (Ala.2010) (quoting Ex parte Helms, 873 So.2d 1139, 1143 (Ala.2003)). Ware relies on certain provisions of the PSA, as well as on the alleged discrepancy between the notice and the deed, arguing that these matters preclude a summary judgment for the trustee.

1. PSA

According to Ware, the trust is a “New York common law trust,” which “pooled numerous mortgages into a trust and converted [them] into mortgage-backed securities ... that can be bought and sold by investors — a process known as securitization,” whereby the “underlying promissory notes of each and every mortgage held by [the] trust serve as [a] potential income stream for investors.” Ware’s brief, at 58.[3]
According to the PSA, which was dated February 1, 2006, the parties to that agreement are:
“HSI ASSET SECURITIZATION CORPORATION, as depositor (the ‘Depositor’), OPTION ONE MORTGAGE CORPORATION, a California Corporation, as originator (in such capacity, the ‘Originator’) and servicer (in such capacity, the ‘Servicer’), WELLS FARGO BANK, N.A. a national banking association, as master servicer (in such capacity, the ‘Master Servicer’) as securities administrator (in such capacity, the ‘Securities Administrator’) and as custodian (in such capacity, ‘the Custodian’), and DEUTSCHE BANK NATIONAL TRUST COMPANY, a national banking association, as trustee (the ‘Trustee’).”
Ware contends that various provisions of the PSA preclude the acquisition of her property by the trust and, consequently, that the purported acquisition is invalid. Specifically, she construes the PSA as requiring the acquisition of all trust assets by no later than 90 days after the “closing *1170 date” of February 28, 2006, that is, on or before May 29, 2006. Thus, she argues that the purported acquisition of the foreclosure deed dated June 4, 2008, was outside the parameters of permissible acquisitions. At the very least, she insists, there is a question of fact as to when — or if — the trustee acquired an assignment of the mortgage within the prescribed period.
However, the trustee argues that “Ware does not have standing” to invoke the provisions of the PSA, because “she is neither a party nor a third party beneficiary of the PSA.” Trustee’s brief, at 38-39. Indeed, Ware is neither a party to the PSA nor a “certificateholder.” See PSA, § 2.02 (assets are held “in trust for the exclusive use and benefit of all present and future Cer-tificateholders”).
Ware does not respond to this argument and fails to cite any authority for the proposition that one who is neither a party to, nor an intended beneficiary of, a contract has standing to enforce its provisions.
“Rule 28(a)(10), Ala. R.App. P., requires that arguments in an appellant’s ... brief contain ‘citations to the cases, statutes, other authorities, and parts of the record relied on.’ The effect of a failure to comply with Rule 28(a)(10) is well established:
“ ‘It is settled that a failure to comply with the requirements of Rule 28(a) ([10]) requiring citation of authority for arguments provides the Court with a basis for disregarding those arguments:
“ ‘ “When an appellant fails to cite any authority for an argument on a particular issue, this Court may affirm the judgment as to that issue, for it is neither this Court’s duty nor its function to perform an appellant’s legal research. Rule 28(a) ([10]); Spradlin v. Birmingham, Airport Authority, 613 So.2d 347 (Ala.1993).”
“ ‘City of Birmingham v. Business Realty Inv. Co., 722 So.2d 747, 752 (Ala.1998). See also McLemore v. Fleming, 604 So.2d 353 (Ala.1992); Stover v. Alabama Farm Bureau Ins. Co., 467 So.2d 251 (Ala.1985); and Ex parte Riley, 464 So.2d 92 (Ala.1985).’ ”
University of South Alabama v. Progressive Ins. Co., 904 So.2d 1242, 1247-48 (Ala.2004) (quoting Ex parte Showers, 812 So.2d 277, 281 (Ala.2001)). For these reasons, we pretermit further discussion of the effect of alleged violations of the PSA.

2. Discrepancy Between Notice and Deed

Ware also contends that the summary judgment was inappropriate because, she insists, an issue of material fact was presented by the incongruence between the notice and the deed. Specifically, she says that it was the trustee that purported to post notice of the upcoming foreclosure sale claiming to be the holder of the mortgage by assignment, while it was Option One that purported to conduct the sale with the trustee being the grantee on the deed. She insists that the combination of the notice and the deed presents a disputed factual issue “as to who owned the note and mortgage and who had the power to conduct a foreclosure sale.” Ware’s brief, at 24. “If the publication is correct,” so her argument goes, “then Option One would no longer have the authority to foreclose”; the sale was invalid; and the trustee did not have the right to bring an action in ejectment. Ware’s brief, at 57 (footnote omitted). In this connection, she also argues that the “foreclosing entity failed to follow the notice requirement in accordance with Ala.Code § 35-10-8 (Ala. 2001) when it failed to list the correct information regarding the name of the entity and who was the current holder or *1171 owner of the ... mortgage and who was conducting the foreclosure sale.” Ware’s brief, at 54.
However, these arguments are made for the first time on appeal. In fact, rather than urging this position in the trial court, Ware conceded in her response to the trustee’s motion for a summary judgment that “it was undisputed that the record owner of the mortgage at the time of foreclosure was Option One.” (Emphasis added.) In other words, she conceded in that court the absence of an issue of fact as to the owner of the mortgage at the time of foreclosure.
“It is well known that ‘we cannot reverse the judgment of the trial court based on an argument not made below and urged for the first time on appeal.’ ” White Sands Group, L.L.C. v. PRS II, LLC, 998 So.2d 1042, 1057 (Ala.2008) (quoting Singleton v. State Farm Fire & Cas. Co., 928 So.2d 280, 285 (Ala.2005)).
Moreover, we have searched Ware’s briefs in vain for the argument that she actually made in the trial court, namely, that the foreclosure was “null and void [simply] because the foreclosure was noticed by ... [the trustee] rather than the owner of the mortgage!,] Option One.” That argument has, therefore, been waived. See Avis Rent A Car Sys., Inc. v. Heilman, 876 So.2d 1111, 1124 n. 8 (Ala.2008) (“An argument not made on appeal is abandoned or waived. Bettis v. Thornton, 662 So.2d 256, 257 (Ala.1995). ‘Issues not argued in the appellant’s brief are waived.’ Pardue v. Potter, 632 So.2d 470, 473 (Ala.1994).”).
Ware also contends that the trustee failed to carry its threshold summary-judgment burden because, she insists, the affidavit of Connie White, which was presented by the trustee in support of its motion, did not comply with Rule 56(e), Ala. R. Civ. P., in a number of respects. However, she did not challenge this affidavit in the trial court.
“Concerning affidavits and exhibits offered in support of or in opposition to a motion for a summary judgment, this Court has stated:
“ ‘Rule 56(e), Ala. R. Civ. P., generally requires that “[s]worn or certified copies” of documents referred to in an affidavit offered supporting or opposing a motion for a summary judgment be attached to the affidavit. However, if an affidavit or the documents attached to an affidavit fail to comply with this rule, the opposing party must object to the admissibility of the affidavit or the document and move to strike. Ex parte Elba Gen. Hosp. & Nursing Home, Inc., 828 So.2d 308, 312-13 (Ala.2001) (noting that a party must object to evidence submitted in support of a motion for a summary judgment that does not comply with Rule 56(e), Ala. R. Civ. P.); Chatham v. CSX Transp., Inc., 613 So.2d 341, 344 (Ala.1993) (“A party must move the trial court to strike any nonad-missible evidence that violates Rule 56(e). Failure to do so waives any objection on appeal and allows this Court to consider the defective evidence.”).’ ”
SSC Selma Operating Co. v. Gordon, 56 So.3d 598, 602 (Ala.2010) (emphasis added) (quoting Elizabeth Homes, L.L.C. v. Cato, 968 So.2d 1, 4-5 (Ala.2007)). Because Ware did not move to strike White’s affidavit in the trial court, she cannot object to it on appeal as a ground for challenging the factual basis for the summary judgment.
“Actions in ejectment or actions in the nature of an action in ejectment are governed by § 6-6-280[, Ala.Code 1975].... ” Steele v. Federal Nat’l Mortgage Ass’n, 69 *1172 So.Bd 89, 92 (Ala.2010). An ejectment plaintiffs threshold burden consists of allegations — supported by substantial evidence — “ ‘that the plaintiff was possessed of the premises or has the legal title thereto, properly designating or describing them, and that the defendant entered thereupon and unlawfully withholds and detains the same.’” Id. (quoting § 6-6-280(b), Ala.Code 1975). White’s affidavit and accompanying documentation purported to supply this evidence, and Ware’s challenge to the affidavit fails for the reasons stated above.

B. Counterclaims

Because this case concededly turns on the propriety of the summary judgment — which we affirm — Ware is not entitled to a reversal of the order striking her counterclaims. Consequently, the trial court’s order disposing of Ware’s counterclaims is also affirmed.

C. Absence of a Hearing

Finally, Ware contends that the trial court erred in failing to conduct a hearing on her postjudgment motion as she requested. Rule 59(g), Ala. R. Civ. P., provides that motions filed pursuant to Rule 59(e) “shall not be ruled upon until the parties have had opportunity to be heard thereon.” In other words, “when a hearing is requested pursuant to Rule 59(g), the trial court errs in not granting a hearing.” Unicare, Inc. v. Hood, 823 So.2d 1252, 1253 (Ala.2001).
As this Court has often stated, however, error occasioned by the absence of a hearing is not always reversible:
‘““Harmless error occurs, within the context of a Rule 59(g) motion, where there is either no probable merit in the grounds asserted in the motion, or where the appellate court resolves the issues presented therein, as a matter of law, adversely to the movant, by application of the same objective standard of review as that applied in the trial court.” ’ ”
Hollander v. Nichols, 19 So.3d 184, 197 (Ala.2009) (quoting Kitchens v. Maye, 623 So.2d 1082, 1088-89 (Ala.1993), quoting in turn Greene v. Thompson, 554 So.2d 376, 381 (Ala.1989)). Nor is Rule 59 to be a vehicle by which to raise new arguments or theories not previously asserted in the trial court. American Home Assur. Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir.1985).
As explained in this opinion, Ware has presented nothing for review on the merits. A remand for purposes of Rule 59(g) would serve no purpose other than to afford her “a second bite at the apple.” Thus, in the posture in which we find this case, we deem the trial court’s failure to hold a hearing on Ware’s Rule 59(e) motion to be harmless error.

HI. Conclusion

In conclusion, Ware has not demonstrated that the trustee failed to carry its initial summary-judgment burden and has not rebutted the evidence produced by the trustee. Consequently, the trial court’s judgment is due to be affirmed.
AFFIRMED.
COBB, C.J., and BOLIN and MAIN, JJ., concur.
MURDOCK, J., concurs in the result.

. No issues in this appeal involve Gerald James Ware.

. The judgment was stayed pending the outcome of the appeal.

. For the purposes of this appeal, we accept this definition as accurate.