SHAW, Justice. -
Alfa Mutual General Insurance Company (“Alfa”) petitions this Court for a writ of mandamus directing the Mobile' Circuit Court to grant its motion seeking to realign the parties to the underlying litigation so that Alfa may “opt out” of participation in the trial. We grant the petition and issue the writ.

Facts and Procedural History

In October 2012, the respondent, Mark D. Trotter, was injured when a “road sweeper” he was operating was struck by a,vehicle being operated by Daniel Elijah Davis, an uninsured motorist. In October 2014, Trotter sued Alfa in the Mobile Circuit' Court seeking to recover uninsured/underinsured-motorist (“UIM”) benefits pursuant to a policy of insurance issued by Alfa to Trotter, which was in place at the time “of the 2012 accident. Trotter did hot include Davis as a code-fendant in his action against Alfa.
Alfa subsequently filed a third-party complaint adding Davis as a third-party defendant. More particularly, Alfa’s third-party complaint alleged that, to the extent it was. determined .to .be liable to Trotter for , UIM benefits, then Alfa, was subrogat-ed to and entitled, to recover the amount of that liability from Davis. Thereafter, Alfa filed a “Motion to Realign Parties,”-which stated, in part: ■. , ,,
“Pursuant to the principles set out in the case of Lowe v. Nationwide Insurance Company, 521 So.2d 1309 (Ala[1988]), Defendant Alfa Mutual General Insurance Company would move the Court to realign the parties so that Daniel Elijah Davis is a Defendant and to allow the Defendant Alfa Mutual General Insurance Company to opt out of the litigation.”
Without explaining the findings on which its decision was based, the trial court denied Alfa’s motion. In response, Alfa filed this petition for a writ of mandamus.

Standard of Review

“A writ of mandamus is an extraordinary remedy, and is appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.”
Ex parte BOC Grp., Inc., 823 So.2d 1270, 1272 (Ala.2001). “A petition for a writ of mandamus is the appropriate means for challenging a trial court’s refusal to grant a UIM carrier the right to opt out of litigation pursuant to Lowe [v. Nationwide Insurance Co., 521 So.2d 1309 (Ala.1988) ].” Ex parte Geico Cas. Co., 58 So.3d 741, 743 (Ala.2010).

Discussion

Alfa, citing Lowe v. Nationwide Insurance Co., 521 So.2d 1309 (Ala.1988), maintains that an insurer that is named as a party to litigation against a UIM motorist “[has] the right, within a reasonable time ..., to elect either to participate in the trial.(in which case its identity and the reason for its being involved are proper information for the jury), or not to participate in the trial (in’which case no mention of it or its potential involvement is permitted by the trial court).” 521 So.2d at 1310. Alfa’s petition makes clear its understanding, as our caselaw mandates, that, even if permitted to opt out of participation at *359 trial, Alfa nonetheless agrees to be “bound by the factfinder’s decisions on the issues of liability and damages.” See Lowe; Driver v. National Sec. Fire & Cas. Co., 658 So.2d 390, 394 (Ala.1995). Alfa further expresses its intent, upon electing not to participate, for its counsel to continue to defend Davis. See Driver, 658 So.2d at 395 (“If the uninsured motorist carrier opts out of the trial of; the case and there is no defense counsel already in place to represent the defendant motorist, then there is no mechanism to protect the interests of the insurer if the defendant motorist fails, to, or chooses not to, defend his case. Understanding the need for the uninsured motorist insurance carrier to protect its interests, we hold that once the carrier opts out of the trial under Lowe, it may, in its discretion, hire an attorney to represent the uninsured motorist defendant.”). See also Ex parte State Farm Auto. Ins. Co., 674 So.2d 75, 77 (Ala.1995) (plurality opinion).
Trotter, who contends that his action against Alfa was permissible, see, generally, State Farm Mutual Automobile Insurance Co. v. Griffin, 51 Ala.App. 426, 286 So.2d 302 (Ala.Civ.App.1973), nonetheless concedes that Alfa possesses the above-described rights under Alabama law. However, according to Trotter, in order for Alfa to be permitted to realign the parties, withdraw, then provide Davis with counsel, Alfa may not continue to'.prosecute the subrogation claims asserted in its third-party complaint. More specifically, Trotter contends that our decisions in Driver, supra, and in Ex parte Littrell, 73 So.3d 1213 (Ala.2011), require that a UIM carrier must waive any subrogation rights it might have against the uninsured/under-insured motorist to avoid a conflict of interest between the carrier and the party it is defending. We disagree.
Although, as Trotter -notes, the UIM carrier in Driver had waived its right of subrogation, that decision does not indicate that such a waiver is required. Additionally, Littrell involved the ability of the plaintiffs UIM carrier to provide counsel to an widerinsured motorist; that, decision is careful to distinguish the ability of a UIM insurer to provide; counsel to ««insured motorists, such as, in this case. 73 So.3d at 1219. Littrell does not hold that a UIM carrier must waive .any subrogation rights before hiring counsel to represent an uninsured-motorist defendant. Further, Justice Murdock specifically noted in his dissenting opinión in Littrell:
“It is true that in Driver the Court did make note of the faht that the uninsured-motorist carrier in that case had waived its subrogation rights against the alleged tortfeasor ‘in order to avoid any conflict [of interest],’ 658 So.2d at 394.... Nowhere, however, does the Court, in Driver state that the uninr sured-motorist carrier’s waiver of sub-rogation rights was necessary to its holding that the tortfeasor could be represented by the same counsel that previously had represented the uninsured-motorist carrier. There was no mention of any such waiver in, [Ex parte ] State Farm [Automobile Insurance Co., 674 So.2d 75 (Ala.1995)]. Further, the potential conflict referenced by the Court is one that would be between the uninsured/underinsured-motorist carrier. and the alleged tortfeasor. (If anything, a less than zealous representation of the alleged tortfeasor resulting from counsel’s knowledge that the insurer with whom he or she maintains a relationship maintains a right of subrogation against the alleged tortfeasor would tend to work to the plaintiffs advantage.) Again, I fail to see how, in a ease where the alleged tortfeasor (and his or her liability carrier if applicable) chooses*to *360 be represented by an attorney proposed by the nninsured/underinsured-motorist carrier, and accordingly waives any possible conflict relating to such representation, the plaintiff has any ‘standing* to complain as to whom the alleged tortfea-sor chooses to have represent him or her. Insofar as I can see, the alleged tortfeasor’s choice of attorney does not disrupt the arrangement adopted in Lowe or, more specifically, deprive the plaintiff of the ‘benefit’ intended for the plaintiff by that arrangement, i.e., litigating all its claims in one proceeding.”
73 So.3d at 1222-23 (Murdock, J., dissenting) (emphasis added). Trotter identifies no authority mandating, in every case, a waiver of subrogation rights.
In light of the foregoing, we conclude that Alfa has demonstrated a clear legal right to have its motion to realign the parties granted and to allow it to opt out of the underlying litigation. No authority is cited requiring that, in order to make the permitted election, Alfa must first release the right of subrogation to which it is also clearly entitled. See Aetna Cas. & Sur. Co. v. Turner, 662 So.2d 237, 240 (Ala.1995) (holding “that an insurer that pays underinsured motorist benefits to a party pursuant to a wrongful death claim is entitled to subrogation from the wrongdoer”). As a result, Alfa’s petition for the writ of mandamus is due to be granted. Accordingly, we direct the Mobile Circuit Court to vacate its February 18, 2015, order denying Alfa’s motion to realign the parties and to allow it to opt out of the litigation.
PETITION GRANTED; WRIT ISSUED.
STUART, BOLIN, PARKER, MAIN, WISE, and BRYAN, JJ„ concur.
MOORE, C.J., and MURDOCK, J., concur in the result.